## MIAMI VALLEY BOAT CLUB v CINCINNATI & LAKE ERIE RY CO

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1075. Decided June 24, 1931

Virgil Schaeffer and Matthews & Matthews, all of Dayton, for Boat Club.

Martin & Corry, Springfield and J. C. Durfey, Cincinnati, for Railway Co.

BY THE COURT.

In brief, the controversy between the plaintiff and the defendant relates to the question as to whether plaintiff may have a direct outlet over the right of way of the defendant at the point in question or whether it should be required to build a roadway over a very narrow strip of land at certain points, for a distance of about 1800 feet over the premises of Mr. Louis A. Lindermuth to another crossing over defendant's right of way.

Defendant concedes that plaintiff is entitled to a way out to the Dixie highway over its right of way but insists that it should build a roadway from its boat house to the present crossing some 1800 feet from the boat house of plaintiff to the crossing now used by Mr. Lindermuth. There is a difference in the testimony as to the cost of such roadway. The testimony of plaintiff is to the effect that it would cost over $4000; the testimony of defendant is it would cost about $2000.

The record shows plaintiff owns a tract of land where its boat house is erected of about 4 acres; that Mr. Lindermuth, from whom plaintiff acquired its tract of land, still owns about —— acres, the chain of title to the entire tract formerly owned by Louis A. Lindermuth being set forth in detail in the record.

Without discussing the testimony in detail, we are clearly of opinion, from the testimony contained in the record and also from the view of the premises, which was afforded the members of the court for the purpose of understanding the testimony, that these two tracts of land, viz: the one now owned by plaintiff and the remaining tract now owned by Mr. Lindermuth, by reason of the topography of the land, constitute what is equivalent to two tracts of land. This results from the bend in the river which approaches so nearly to the defendant's right of way that, in our opinion, the evidence and the view of the premises show that there is no practical way out from plaintiff's land to the highway except by crossing the right of way of the defendant at the point in question.

On page 18 of the brief of counsel for plaintiff the following appears:

"A further inconsistency of the defendant is the fact that they are using the plaintiff's approach as a stopping place to take on and discharge their passengers while denying to plaintiff the right to cross their tracks at this point."

We have examined the record for the purpose of finding if there is any evidence contained therein which warrants this statement of counsel for plaintiff. We do not find any evidence to that effect but upon our examination of the premises our recollection is that counsel for both sides conceded that the defendant railway company stopped some of its cars at this point for the purpose of either receiving or discharging passengers; that the people in that vicinity used this crossing to take the cars of defendant and that defendant accepted passengers on its cars for the purpose of being discharged at this crossing.

In view of the topography of the land, we think the suggestion of counsel for defendant, that if Mr. Lindermuth should divide the tract now owned by him into small tracts, that each of the purchasers of such small tracts would have a similar right to a crossing over the tracks of the defendant, is without foundation. The topography of the land shows that the two tracts, viz: that now owned by plaintiff and the tract now owned by Mr. Lindermuth sustain a different relation to the right of way of defendant from that which would be sustained by further sub-division of Mr. Lindermuth's tract. We are also of opinion that the right of the plaintiff to an outlet over the right of way of the defendant other than the one suggested by the defendant amounts to a way of necessity.

For the above reasons we think the same decree should be rendered in this court as was rendered in the court below with the additional provision that plaintiff should maintain the said crossing at its expense.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.